UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 19-25174-CIV-MARTINEZ-OTAZO-REYES

GIANNI ARRIAGA and NATALIA RABKO,
individually and on behalf of all others similarly situated,
    Plaintiffs,

vs.

450 NORTH RIVER DRIVE, LLC, et al.,
    Defendants.
_____/

## ORDER DENYING MOTION TO APPROVE SETTLEMENT AGREEMENT

THIS CAUSE is before the Court upon the parties' Joint Motion to Approve Confidential Settlement Agreement, for *In Camera* Inspection, and for Entry of Final Order of Dismissal with Prejudice, [ECF No. 79]. The Court has carefully reviewed the Joint Motion and is otherwise fully advised in the premises. For the reasons set forth below, the Joint Motion is **DENIED without prejudice**.

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In a suit brought by employees under the FLSA, the Court must determine whether the settlement proposed by the parties "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. The Court considers factors such as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure

both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In the instant case, the parties have failed to file a copy of the settlement agreement in the court record. [*See* ECF No. 74 ("The proposed settlement shall be on the record.")]. The Court was provided a copy via electronic mail. Though some courts—including this Court—have considered FLSA agreements *in camera*, this Court now finds that the better practice, in light of the purpose and history of the FLSA, is to require that such agreements be filed in the public record. *See Mercado v. Snyder*, No. 2:15-cv-14101-ROSENBERG/LYNCH, 2015 WL 11142629, at *1 (S.D. Fla. Dec. 11, 2015); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245–46 (M.D. Fla. 2010) (finding that reviewing an FLSA settlement agreement *in camera* "thwarts Congress' intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace"). The Court therefore declines to approve the parties' settlement agreement via *in camera* review.

The parties may file a renewed motion that attaches the settlement agreement, and the Court will review the settlement for fairness pursuant to *Lynn's Food*. Any renewed motion should address whether the compensation Plaintiff will receive represents the full amount Plaintiff sought in this action.

Though the parties set forth certain alternatives to filing the agreement on the record, the Court fails to see how these alternatives further the purposes of the FLSA as illustrated above. For example, producing a redacted version of a settlement agreement on the record would not seem to advance employees' awareness of their rights. Should the parties remain adamant that they cannot file the settlement agreement on the record as ordered by the Court, the parties may request oral

argument as to why the Court should accept one of the suggested alternative methods.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that

1. The Joint Motion, [ECF No. 79], is **DENIED WITHOUT PREJUDICE.**

2. **On or before Monday, August 10, 2020**, the parties shall file a renewed joint motion and proposed settlement, attaching the settlement agreement as an exhibit on the record.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of July 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record